No. 4279.

(Court of Appeal, Parish of Orleans.)

## MRS. BESSIE H. JONES VS. SAMUEL H. BRITTON.

1. The maker of a negotiable instrument by making it engages that he will pay it according to its tenor and admits the existence of the payee and his then capacity to endorse.
2. The question at issue is not one of marital property rights but of statutory commercial law.

Appeal from Civil District Court, Division "A."

Rice & Montgomery, for Plaintiff and Appellee.

F. Rivers Richardson, for Defendant and Appellant.

DUFOUR, J. This cause comes before us with the opinion of the district judge, which fully and fairly states the facts and the contentions of the parties, and which we quote in its entirety. It is as follows:

"The payee and transferree of the note sued on to the plaintiff was a married woman, and the only defense is, that she was not authorized by her husband to endorse and transfer said note to the plaintiff. It seems that on May 20th, 1905, and act was drawn signed, which recited that the defendant and Alston T.

Jones had been partners in the "Britton Machine Works," and that March 15th, 1905, said Jones transferred to his wife, Mrs. Nannie Jones, all his interest in said partnership, and that said Jones and his wife, he authorizing her, did then sell and deliver all of their interests, etc., in said partnership to Samuel H. Britton, the defendant, for a certain amount in cash and notes, one of which is sued on herein, signed by defendant payable to the order of Mrs. Nannie Jones, dated April 1st; 1905, and for the amount and on terms, as alleged by the plaintiff. After this, Jones and his wife separated, he going to Guatamala, where he still is, and she going North and remaining in New York.

In April, May, June and July, defendant paid to Mrs. Nannie Jones, on said note, a total of $144.60, while in New York Mrs. Nannie Jones endorsed and transferred to the plaintiff said note for a good and valuable consideration. After this the plaintiff sent the note for collection here, and upon its presentment, defendant wrote to the plaintiff, the letter of April 4th, 1906, in which he claimed credit for $144.60 paid, and declared his readiness to pay the balance after deducting this credit. His letters, with his statement of the items making up the $144.60, written on the letter head of the "Britton Machine Works" is annexed to the deposition of the plaintiff, taken under commission in New York. The defendant failing to pay, though notified by plaintiff that the credit claim was allowed, this suit was brought for the amount of said notes, less said credit of $144.60. The only defense is that Mrs. Nannie Jones was not authorized by her husband, when she endorsed and transferred the note in New York to the plaintiff, i. e., that she was not authorized or joined by her husband when she endorsed. They were on bad terms, separated. She in New York, and he in Central America.

It seems to me that plaintiff's title to the note is good. In the act of 20th of May, 1905, to which Jones, his wife and the defendant were parties, Jones and his wife sold to defendant all their interest in the Britton Machine Works. Whether the prior act of March 15th, 1905, by which Jones agreed to transfer all his interest to his wife, is valid or not, it is certain that their joint sale to defendant on May 20th, 1905, was valid. In that act, to which defendant was a party, and by which he acquired all that Jones and wife had in that concern, the husband, Jones, authorized and joined his wife, and part of the consideration was the note sued on, made by defendant, payable to the order of the

.27

wife, Mrs. Nannie Jones. This was consent of Jones and his wife and of defendant that the amount of the note should be paid to the order of the wife, and was an authorization by the husband, of the wife to receive payment to endorse the note, and was an undertaking by defendant to pay her, to her order, and he did actually pay to her before she transferred the note, $144.60. The opinion of the Court of Appeal in the case of Vanek vs. Mason, No. 4139, amply supports this view.

Aside from the authorization of the husband, evidenced by the written act, signed by all parties, May 20th, 1905, the act No. 64 cf 1904, in regard to negotiable instruments, in sections 60, 56 and 22, seems to place it out of the power of the defendant, the maker of the note sued on, to raise this defense, even on the face of the note. When to the note itself is added the act of May 20th, 1905, evidencing the contract, out of which the note originated, signed by defendant by the wife and her husband, I think all doubt is removed under the statutory law and jurisprudence of this State. Cumulative, in favor of the wife's capacity to endorse and transfer, is the consideration, that the transfer was made in New York, by whose law the wife had the legal right to transfer, as is proved by plaintiff. The transfer and delivery of the note was affected there, and became operative. Defendant argues that the wife had no domicile there, as her husband was not there. Right or wrong, the husband and wife had agreed to disagree, were on unfriendly terms, seemingly had settled up their affairs and had separated, as above stated.

My conclusion is that the defendant can safely pay the note. No one but the husband could ever complain, and no court would listen to him, should he ever appear, in the face of his written act of March 20th, 1905, and his subsequent contract, which, in expression and in effect, gave his full authorization that defendant should pay to the wife or to her order." Counsel for defendant stated at the argument that the latter was not endeavoring to evade liability and that his desire was to pay the debt to the creditor authorized to receive it and to thus protect himself against the possibility of double payment.

Considering the circumstances surrounding the transaction, the defendant is not at this late day, in a position to urge such an objection. He recognized the right of Mrs. Nannie Jones to the note by making it payable to her order, by making payments on account to her at various times, with full knowledge of all surround-

ing circumstances, by promising payment to the transferree, upon the latter's giving him credit for the amounts paid by him to the payee-endorser.

The law of the case is that "the maker of a negotiable instrument by making it engages that he will pay it according to its tenor and admits the existence of the payee and his then capacity to endorse." Act 64 of 1904, Sec. 60.

In the case of Adam vs. Firemen's Building Association, No. 3185, of our docket, in which the question at issue was to some extent analogous to the one now under discussion, we said:

"As our Code places certificates of stock on the same footing as negotiable instruments, the question at issue is not one of marital property rights, but of statutory commercial law."

It is suggested that the payee's husband may at some future day demand payment on the ground that the note was community property which his wife had no right to transfer without his authority.

We are not impressed with the suggestion.

The note was made payable to the wife by direction of the husband and he left it in her possession when he separated from her with the evident intention of permanently remaining away and severing all marital relations. This is sufficient evidence of consent and intention on his part that she should collect or transfer the note at her discretion.

We agree with our able brother of the District Court that no Court would listen to any future complaint of the husband.

Judgment affirmed.

November 25, 1907.

Rehearing refused, Dec. 9, 107.

Writ denied by Supreme Court, Jan. 20, 1908.